IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORI CHAVEZ-DEREMER,[1]<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>ARSENAL HEALTH, LLC, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL CASE NO. 2:24-cv-434-ECM<br>)                        [WO]<br>)<br>)<br>)  |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case concerns an Employee Retirement Income Security Act of 1974 ("ERISA") action brought on July 23, 2024, by the Secretary of Labor ("the Plaintiff") against Defendants Arsenal Health, LLC and Arsenal Insurance Management, Inc. (collectively, "the Defendants").

The Plaintiff alleges that the Defendants imprudently managed a non-plan Multi-Employer Welfare Arrangement ("MEWA") covered by ERISA and became insolvent. (Doc. 1 at 1–2, paras. 2, 7–9). She further alleges that the Defendants filed for Chapter 11 bankruptcy and ceased operations but failed to terminate the non-plan MEWA to ensure that funds held were distributed to pay outstanding medical claims. (*Id.* at 2 paras. 8–9).

---

[1] Lori Chavez-DeRemer is now the Secretary of Labor, United States Department of Labor, and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d). Accordingly, the Clerk of the Court is directed to correct the docket to reflect this change.

The Plaintiff represents that from those bankruptcy proceedings, she was able to recover around $570,000 for payment of unpaid claims. (*Id.* at 3, para. 9).

In the present action, the Plaintiff pursues an injunction to prevent Defendants from engaging in further actions that violate ERISA and the appointment of an independent fiduciary at the Defendants' expense for the distribution of assets recovered. (*Id.* at 3–4).

This case sat dormant for over three months until William Homony, nonparty and trustee of Arsenal Liquidating Trust ("ALT"), filed a waiver of service on November 4, 2024. (Doc. 6 at 1).

On November 13, 2024, the Plaintiff filed an "unopposed" motion for the appointment of a receiver ("Motion to Appoint a Receiver") to hold in trust and administer funds previously managed by the Defendants. (Doc. 7). An examination of the record reveals that the Defendants (1) are bankrupt entities; (2) are unrepresented by counsel; (3) have not been served; and (4) have not answered or otherwise responded. After careful review, and for the reasons explained further below, the Court finds that the motion is due to be denied without prejudice.

## II. DISCUSSION

**A.   Authority**

In her Motion to Appoint a Receiver, the Plaintiff cites 29 U.S.C. § 1109(a) for this Court's appointment authority. (Doc. 7 at 4, para. 10). Section 1109(a) reads:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits

2

> of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

This provision is silent as to the appointment of a receiver, and the Plaintiff does not explain how § 1109(a) confers appointment authority, or why the appointment of a receiver—a remedy not expressly listed—is the appropriate equitable remedy under § 1109(a). The Plaintiff fails to provide any additional authority in support of her Motion to Appoint a Receiver.

Moreover, the Plaintiff has not explained why an appointment is proper here, considering the Defendants have not appeared. Further, the Plaintiff has not identified any criteria for the Court to evaluate whether Receivership Management, Inc. ("RMI"), the Plaintiff's proposed fiduciary, is appropriate to serve. (Doc. 7).[2] Further, the Court questions whether the motion can be fairly characterized as unopposed, as the Defendants have not appeared.

**B.     Copies of Specific Bankruptcy Records**

Although the Plaintiff references the Defendants' bankruptcy records, she fails to state with specificity which documents would aid the Court's decision to appoint a

---

[2] The Plaintiff provided some information about RMI's proposed receiver conduct (doc. 7-2 at 1) and some benefits of the proposal along with the estimated amount of costs and fees (*id.* at 2). However, without more, the Court cannot evaluate whether RMI's appointment is appropriate.

particular receiver and whether the bankruptcy document records constitute binding or persuasive authority.[3] (*See, e.g.*, doc. 1 at 2, para. 8; doc. 7 at 2–3, paras. 4, 6).

Relevant here, the bankruptcy plan (partially quoted in the Plaintiff's Motion to Appoint a Receiver (doc. 7 at 3, para. 8))[4] reads:

> *As will be more fully set forth in the Liquidating Trust Agreement*, the Plan contemplates that the Department of Labor, *with the assistance of the Liquidating Trustee, to the extent reasonably requested*, shall bring an action in a federal district court of competent jurisdiction to appoint an independent fiduciary for the Health Benefit Plans. The Independent Fiduciary will have the responsibility, among others, for distributing the Customer Trust Funds and any other funds transferred from the Health Care Fiduciary Account[.]

(Doc. 292 at 32 in *In re Arsenal Intermediate Holdings*, Case No. 23-10097 (CTG) (Bankr. D. Del.) (emphases added)). The Plaintiff does not explain the current status or content of the Liquidating Trust Agreement ("LTA"). The content of the LTA is important because the bankruptcy plan contemplates the LTA adding specificity to the process by which an action to enforce the plan should be brought. Further, the Plaintiff does not address whether ALT is assisting in the action as set forth in the plan, an issue addressed more fully below.

---

[3] The Court acknowledges that a confirmed Chapter 11 bankruptcy plan binds the debtors (11 U.S.C. § 1327(a))—Arsenal Intermediate Holdings, LLC, and the Defendants. (Doc. 292 at 1 n.1 in *In re Arsenal Intermediate Holdings*, Case No. 23-10097 (CTG) (Bankr. D. Del.)).

[4] The Plaintiff's selected portion reads: "The Plan further provides that [the] Plaintiff 'shall bring an action in a federal district court of competent jurisdiction to appoint an independent fiduciary for the Health Benefit Plans. The Independent Fiduciary will have the responsibility, among others, for distributing the Customer Trust Funds and any other funds transferred from the Health Care Fiduciary Account.'" (Doc. 7 at 3, para. 8). The Plaintiff omitted two key facts: (1) The plan contemplates the Liquidating Trust Agreement will more fully set forth how this litigation should be brought, and (2) the Liquidating Trustee appears to be a *cooperative* rather than adversarial party based on the bankruptcy plan.

### C.   ALT's Role as Liquidating Trust in this Action

Attorney Alan M. Root ("Attorney Root") represents "Arsenal Liquidating Trust." (Doc. 12 at 1, para. 2).  The Plaintiff states ALT is required by the bankruptcy plan to hold and turnover customer trust funds and any other funds in the health care fiduciary accounts. (Doc. 7 at 3–4, paras. 8–9).  However, the Plaintiff does not clearly describe the legal relationship of ALT to the Defendants—*e.g.*, whether ALT can stand in for the Defendants—beyond its role as the Liquidating Trust.  This adds to the Court's difficulty in discerning whether appointment is proper.

Plaintiff also repeatedly refers to Attorney Root as "Defendants' counsel" (*see, e.g.*, doc. 8 at 3–5, paras. 7–15, 17–18); however, Attorney Root indicated confusion about whether ALT was the proper entity to waive service in this case. (Doc. 8-4) ("The Trustee is the liquidating trustee for [ALT]. That entity is not a defendant.").  When Attorney Root eventually agreed to waive service, he did so as to ALT trustee William Homony, not for a party in the present case. (Doc. 6 at 1).  Further, when Attorney Root was ordered to inform the Court of his representation or nonrepresentation of parties before the Court, he disclaimed, "[t]he Liquidating Trustee has not entered an appearance in the above-captioned matter," (doc. 12 at 1) and added that "[this filing] should not be construed as an entry of appearance or consent to jurisdiction by the Liquidating Trustee or the Arsenal Liquidating Trust" (*id.* at 1, n.2).

Finally, given the Liquidating Trustee and ALT's reluctance to appear in this case and consent to jurisdiction (*see id.*), it is unclear whether the Liquidating Trustee is assisting the Department of Labor as contemplated by the bankruptcy plan.  Rather, it

appears to the Court that Liquidating Trustee and ALT do not oppose the Motion to Appoint a Receiver because they are not parties of interest to this case.

**D.     Jurisdiction**

Finally, "for the Court to exercise jurisdiction over a case it must necessarily involve two parties, in pursuit of an honest and actual antagonistic assertion of one party's rights against the other." *In re Beck*, 526 F. Supp. 2d 1291, 1300 (S.D. Fla. 2007)[5] (citing *Chicago & G.T.R. Co. v. Wellman*, 143 U.S. 339, 345 (1892); *United States v. Johnson*, 319 U.S. 302, 305 (1943)).  Federal courts lack jurisdiction to "act in friendly or feigned proceedings." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997).  Here, like *Johnson*, it is plausible the Defendants have an interest that would be "adjudicated in a proceeding in which [one side] has had no active participation, over which he has exercised no control, and the expense of which he has not borne. He has been only nominally represented by counsel who was selected by [the other party's] counsel and whom he has never seen." *Johnson*, 319 U.S. at 305.  Such a suit "is not in any real sense adversary.  It does not assume the 'honest and actual antagonistic assertion of rights' to be adjudicated." *Id.* (quoting *Wellman*, 143 U.S. at 345).

### III. CONCLUSION

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel.*

---

[5] The Court here, and elsewhere in the Opinion, cites to nonbinding authority.  While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

*Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see also Johnson v. United States Cong.*, 2025 WL 2394684, at *2 (11th Cir. Aug. 19, 2025) ("The district court erred when it assumed jurisdiction without deciding it."). Thus, the Court "cannot proceed at all"[6] without further relevant information as to (1) the propriety of appointing an independent fiduciary where no defendant has appeared or answered the complaint, (2) further statutory or case law authority outlining the criteria for appointing and selecting a receiver, (3) citations to relevant, specific bankruptcy documents to aid the Court in determining a particular receiver's propriety, (4) whether the Liquidating Trust Agreement alters or further specifies bankruptcy plan's application, (5) whether ALT is assisting the Plaintiff in this action, and (6) the Court's jurisdiction.[7]

Accordingly, it is

ORDERED that the Plaintiff's Motion to Appoint Receivership (doc. 7) is DENIED without prejudice with leave to refile **on or before November 24, 2025**. The Plaintiff shall address in her motion the Court's concerns discussed herein. It is further

ORDERED that the Plaintiff shall meet and confer with the Liquidating Trustee and file a written status report regarding ALT's role in the present litigation **on or before October 31, 2025**.

---

[6] *Johnson*, 2025 WL 2394684, at *2 (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)).

[7] Here, "jurisdiction," means "the courts' statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)).

DONE this 19th day of September, 2025.

                                          /s/ Emily C. Marks
                                 EMILY C. MARKS
                                 CHIEF UNITED STATES DISTRICT JUDGE