IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEITH E. SONDERLING,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>      Plaintiff,<br><br>     v.<br><br>ARSENAL HEALTH, LLC, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:24-cv-434-ECM<br>[WO] |

## MEMORANDUM OPINION and ORDER

On July 23, 2024, the Department of Labor (the "Plaintiff") filed this Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") action against Defendants Arsenal Health, LLC and Arsenal Insurance Management, Inc. (collectively, the "Defendants"). (*See* doc. 1).  The Plaintiff alleges that the Defendants operated a non-plan Multi-Employer Welfare Arrangement ("MEWA"), ceased operations, and failed to terminate the MEWA, leaving funds held for health claims undisbursed. (*Id.* at 1–3, paras. 2, 8–9).  The Plaintiff recovered funds from the MEWA through the Defendants' bankruptcy proceedings. (*Id.* at 3, paras. 9–10).  The Plaintiff seeks the appointment of an independent fiduciary to disburse those funds. (*Id.* at 3–4).

On February 23, 2026, the Court found that by the terms of the Liquidating Trust Agreement, service on the Defendants was properly carried out by service on William Homony ("Liquidating Trustee"). (*See* doc. 22 at 2).  Then, on March 2, 2026, the Plaintiff filed a motion for entry of Clerk's default. (Doc. 23).  On April 8, 2026, the Clerk of the

Court entered default against the Defendants. (Doc. 24).  Finally, on May 12, 2026, the Plaintiff filed the instant motion for default judgment, seeking the appointment of Receivership Management, Inc. ("RMI") as independent fiduciary for the recovered funds. (*See* doc. 26 at 11).

After careful review of the Plaintiff's motion and briefing, and for the reasons that follow, the motion for default judgment against the Defendants is due to be GRANTED.

## I.  JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345 and 29 U.S.C. § 1132(e)(1).   Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## II.  LEGAL STANDARD

A default judgment may be entered when a defendant "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a).  While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)).  Therefore, "[t]he allegations must be well-pleaded in order to provide a sufficient basis for the judgment

2

entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *1 (M.D. Fla. Nov. 24, 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)).[1]   A complaint is "well-pleaded" when the "[f]actual allegations [therein] . . . raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

## III.  FACTS[2]

The Defendants administered hundreds of "employer-sponsored, self-funded health plans" in Montgomery County, Alabama. (Doc. 1 at 1, para. 2).  The Defendants ceased operations on January 26, 2023, and filed for bankruptcy. (*Id.* at 2, para. 8).  When the Defendants ceased operating, "they failed to terminate the . . . MEWA and ensure that the funds they held for the benefit of the [health] [p]lans were appropriately distributed to pay outstanding medical claims incurred by participants." (*Id.* at 2, para. 9).  This left approximately $4,560,000 in unpaid claims. (*Id.* at 3, para. 9).  Through the bankruptcy proceedings, the Plaintiff was able to recover around $570,000 to pay the claims. (*Id.* at 3, para. 10; *see* doc. 26 at 3 (indicating recovery, as of May 12, 2026, of $766,183.58)).

---

[1] The Court here, and elsewhere in the Order, cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

[2] This recitation of facts is based on the well-pleaded factual allegations in the Plaintiff's complaint. (*See* doc. 1).

## IV.  DISCUSSION

### A.    Liability

Fiduciaries of health plans covered by ERISA "shall discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1).  They must do so "for the exclusive purpose of[] providing benefits to participants and their beneficiaries[] and defraying reasonable expenses of administering the plan." *Id.* § 1104(a)(1)(A)(i)–(ii).

The plans at issue were employer-sponsored and maintained for the purpose of providing health benefits; they are thus covered by ERISA. 29 U.S.C. § 1002(1).  Likewise, the Defendants are fiduciaries of those plans because they administered the plans and exercised discretionary authority "respecting management or disposition" of the MEWA funds. *Id.* § 1021; *see Cotton v. Mass. Mut. Life Ins.*, 402 F.3d 1267, 1277 (11th Cir. 2005) (requiring ERISA plaintiffs to show a defendant is a plan fiduciary).  Because the Defendants practically abandoned existing plans and failed to distribute held assets or appoint a new fiduciary, they have plainly violated their fiduciary duties under ERISA. *See, e.g.*, *Su v. Env't Instrumentation Co.*, 2023 WL 4995721, at *3 (N.D. Cal. July 17, 2023); *Acosta v. Bangle*, 2017 WL 11062979, at *3 (M.D. Fla. 2017); *Solis v. Innovative Steel Sys., Inc.*, 2012 WL 1552791, at *3 (E.D. Cal. 2012).  Accordingly, the Court finds that the Defendants have violated 29 U.S.C. § 1104(a)(1).

### B.    Appointment of an Independent Fiduciary

When a fiduciary violates ERISA, it "shall be subject to such other equitable or remedial relief as the court may deem appropriate." 29 U.S.C. § 1109(a).  In a case of this

4

posture, a common remedy is to appoint an independent fiduciary. *See Walsh v. Clawson Constr., Inc.*, 2021 WL 6618458, at \*4 (N.D. Cal.) ("Courts routinely hold that such facts alleging fiduciaries who abandon plans covered by ERISA are sufficient to warrant entry of default judgment and appointment of an independent fiduciary."); *see, e.g.*, *Walsh v. Int'l Teleproduction Soc'y 401(k) Sav. & Discretionary Contribution Plan*, 2022 WL 16824538 (E.D. Va. 2022); *Solis v. J.P. Maguire Co. Salary Sav. Plan*, 2012 WL 4060569 (E.D.N.Y. 2012); *Solis v. Vigilance, Inc.*, 2009 WL 2031767 (N.D. Cal. 2009); *Chao v. Wagner*, 2009 WL 102220 (N.D. Ga. 2009); *Dairy Fresh Corp. v. Poole*, 108 F. Supp. 2d 1344 (S.D. Ala. 2000). Whether the appointment of a proposed independent fiduciary is appropriate can determined by an examination of its curriculum vitae. *See, e.g.*, *Chao v. Azon Emps. Ret. Plan*, 2007 WL 4287784, at \*4 (N.D.N.Y. 2007).

So too here. The Defendants are dissolved, bankrupt entities, and the Liquidating Trustee is authorized to hold the recovered funds for the sole purpose of transferring such funds to an independent fiduciary. (*See generally* doc. 19). These circumstances mean that the recovered funds will sit undisbursed unless the Court appoints an independent fiduciary. Accordingly, the Court finds the appointment of an independent fiduciary is the appropriate remedy in this case. And upon review of RMI's curriculum vitae, the Court finds it is an appropriate independent fiduciary in this case, particularly given its appointment over the years by several federal courts in similar cases. (*See* Doc. 19-4); *see also, e.g.*, *Su v. RiversEdge Advanced Ret. Sols., LLC*, 2024 WL 1193858 (W.D. Pa. 2024); *Perez v. Hutcheson*, 2016 WL 7256785 (D. Idaho 2016), *aff'd sub nom. Acosta v.*

*Hutcheson*, 710 F. App'x 310 (9th Cir. 2018); *Solis v. Amtren Corp.*, 2011 WL 6058270 (M.D. Ala. 2011).

### V.  CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows:

1.  The Plaintiff's motion for default judgment, (doc. 26), is GRANTED to the extent set out in the accompanying Final Judgment.

2.  Judgment will be entered in the Plaintiff's favor and against the Defendants.

3.  RMI shall serve as the independent fiduciary to the plans and funds previously administered by the Defendants as set out in the accompanying Final Judgment.

The Clerk of the Court is DIRECTED to mail this Memorandum Opinion and Order to the address reflected on the docket for the Defendants.

DONE this 26th day of June, 2026.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE